73 F.3d 363
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Anthony ROSS, Defendant-Appellant.
 No. 93-3772.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1996.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and FEIKENS, District Judge.*
 
 ORDER
 
 2
 The appeal of defendant-appellant James Anthony Ross is before us on remand from the United States Supreme Court. Ross v. United States, 64 U.S.L.W. 3415 (U.S. Dec. 11, 1995).
 
 
 3
 The Court vacated an earlier judgment of this panel, United States v. Ross, 53 F.3d 332 (table), 1995 WL 253183 (6th Cir.1995), in view of its opinion in Bailey v. United States, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995). In Bailey, a unanimous Court held that the government must produce "evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense" in order to sustain a conviction under 18 U.S.C. Sec. 924(c)(1). Bailey, 64 U.S.L.W. at 4041.
 
 
 4
 Because our earlier opinion affirmed Ross's firearms conviction based upon a "ready access" analysis, see United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 493 U.S. 899 (1989), rather than the "active employment" formulation of Bailey, Ross's conviction under 18 U.S.C. Sec. 924(a)(1) is REVERSED and the cause REMANDED to the district court for resentencing.
 
 
 
 *
 Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation